**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-cv-00038-LLK**

**BRADLEY D. WALTON**                                                                          **PLAINTIFF**

**v.**

**ANDREW SAUL, Acting Commissioner of Social Security**                              **DEFENDANT**

**MEMORANDUM OPINION AND REMAND ORDER**

This matter is before the Court on the Commissioner's motion for judgment under Sentence 4 of

42 U.S.C. § 405(g), remanding this matter to the Commissioner for a new decision and further

administrative proceedings, to which Plaintiff responded in opposition.  [Docket Number ("DN") 22, DN

23].  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this

case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 9].

For the reasons below, the Court will GRANT in part and DENY in part the Commissioner's motion,

DN 22], and will remand this matter to the Commissioner for a new decision and further administrative

proceedings and will specify that the scope of remand is limited to the period from September 9, 2016

through January 24, 2019.

**Background facts and procedural history**

On January 24, 2019, the Administrative Law Judge ("ALJ") issued the final decision of the

Commissioner, finding that Plaintiff "has not been under a disability, as defined in the Social Security Act,

from September 9, 2016, through the date of this decision."  [DN 8-3 at 113].  On February 18, 2020,

Plaintiff filed a new application for benefits, which the Commissioner awarded, finding Plaintiff disabled

as of January 25, 2019.  [DN 23 at 1].

The parties agree that Plaintiff's acceptance of the remand order proposed by the Commissioner,

[DN 22-2], would put the Commissioner's subsequent finding of disability in jeopardy of being reversed –

depending on whether or not the Appeals Council instructs the ALJ to reconsider Plaintiff's disability status

1

for the entire period beginning on September 9, 2016.  [DN 22, 23].  Plaintiff proposes either a judicial award of benefits (i.e., a remand order for the limited purpose of calculation and payment of past-due benefits) or a remand order that instructs the Commissioner **not** to reconsider his subsequent finding of disability.  The Court lacks authority to enter such a remand order.  However, because the Court has the "power to cabin the scope of the remand to the time period at issue in the appeal properly before it," the remand order will state that the scope of remand is limited to the period from September 9, 2016 through January 24, 2019.  *Heather B. v. Saul*, No. 2:19-CV-00484-JDL, 2020 WL 5106585, at *3 (D. Me. Aug. 31, 2020) (report adopted).  The Court has no way of knowing whether limiting the scope of remand in this manner will (based on the Commissioner's internal policies and procedures) have the effect Plaintiff desires of prohibiting reconsideration of the subsequent favorable finding of disability.

**Plaintiff's first argument is unpersuasive.**

A Sentence 4 remand is a "post-judgment remand; a case is remanded to the [Commissioner] in conjunction with a final 'judgment affirming, modifying, or reversing the [Commissioner's final] decision.'"  *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 175 (6th Cir. 1994) (quoting Sentence 4).

When a plaintiff refuses the Commissioner's offer of a Sentence 4 remand for further administrative proceedings and argues a remand for a judicial award of benefits is warranted, the district court must determine whether "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Inman v. Comm'r of Soc. Sec.*, 920 F. Supp. 2d 861, 867 (S.D. Ohio 2013) (quoting *Faucher*, 17 F.3d at 176)).  A "judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176.

As Plaintiff himself explains, in this case, for proof of disability to be overwhelming, the Court would have to conclude that he ALJ erred in finding that he can perform light work and that, in fact, he

is limited to sedentary work (resulting in an ultimate conclusion of "disability" pursuant to direct application of Rule 201.10 of Appendix 2 of the regulations).   [DN 23 at 2].   Plaintiff cites no overwhelming evidence he is limited to sedentary work.

### Plaintiff's second argument is partially persuasive.

In *Barber v. Commissioner*, the Commissioner filed a motion similar to the one at DN 22, and Barber responded in opposition, arguing that any remand order should "direct the Commissioner on remand to solely consider plaintiff's SSI disability claim from December 20, 2013 (plaintiff's alleged onset date) through July 26, 2017 (the date of ALJ Beekman's decision) without disturbing or reviewing the favorable disability decision plaintiff received on her disabled widow's claim." *Barber v. Comm'r of Soc. Sec.*, No. 1:18-CV-374, 2019 WL 2353420, at *2 (S.D. Ohio June 4, 2019).   The Court found it lacked authority to "prohibit the Commissioner from reopening plaintiff's disabled widow's decision and limit the Commissioner's review solely to plaintiff's SSI application for the period of December 20, 2013 through July 26, 2017." *Id.* at *3.   The Court adopted as persuasive the reasoning in *Davis v. Astrue*, No. 10-cv-404-PB, 2011 WL 5006936 (D.N.H. Oct. 20, 2011)).   *Id.   Davis* held that, because Davis was "effectively asking this court to prevent the Commissioner from consolidating" the case before it with a subsequent case granting benefits, it had "no jurisdiction to either authorize or preclude the Commissioner from reopening that application." *Davis*, 2011 WL 5006936, at *2.   Similarly, *Surrusco v. Berryhill* held that, because Surrusco sought to preclude review of a subsequent benefits determination that was "not part-and-parcel of the decision sub judice," it was "without authority to so restrain the Commissioner with respect to a final decision that is not before it." *Surrusco v. Berryhill*, No. 16-CV-4649 (JFB), 2017 WL 3017197, at *3 (E.D.N.Y. July 17, 2017).

In *Heather B. v. Saul*, the Court acknowledged that *Davis* and *Surrusco* "stand for the proposition that a court lacks jurisdiction to prevent the commissioner from using a remand to reexamine a subsequent grant of disability benefits by limiting review on remand to the time period at issue in the

Social Security disability case on appeal." *Heather B. v. Saul*, No. 2:19-CV-00484-JDL, 2020 WL 5106585, at *3 (D. Me. Aug. 31, 2020) (report adopted).  However, the Court distinguished these cases, finding it still had the "power to cabin the scope of the remand to the time period at issue in the appeal properly before it."  *Id.*  The remand order stated that the "scope of this remand is limited to the period from December 29, 2014 [the alleged onset of disability date], through November 7, 2018 [the decision date]." *Id.*

In this case, the Court will enter a remand order analogous to the one in *Heather B.*

**Remand Order**

Therefore, the Commissioner's motion, [DN 22], is hereby GRANTED in part and DENIED in part.

This matter is hereby REMANDED to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

Upon remand, the Commissioner will if warranted, obtain medical expert evidence; consider the additional evidence submitted to the Appeals Council; obtain supplemental vocational expert testimony; offer the claimant an opportunity for a new hearing; take any further action needed to complete the administrative record, and issue a new decision.

The scope of this remand is limited to the period from September 9, 2016 through January 24, 2019.

April 20, 2021

**Lanny King, Magistrate Judge**
**United States District Court**